Good morning. May it please the Court, I'm Mike Monenco. I represent the appellants Alpha & Omega USA, Inc., doing business as Travalon Transportation, and Victor Cernotinsky, its sole owner and chief executive officer. Travalon is registered with Minnesota Health Care Programs and the Minnesota Department of Transportation as a provider of special transportation services, which are non-emergency medical transportation services primarily provided to elderly and disabled individuals. In 2020, the United States Secretary of Labor sued Travalon and Victor Cernotinsky, claiming that they violated the Fair Labor Standards Act by failing to pay overtime and minimum wages to the Travalon drivers that were providing special transportation services under Travalon's name. The Secretary's lawsuit, in essence, consists of two distinct cases. The first case involved the issue of whether the drivers Travalon hired were Travalon's employees, as the Secretary argued, or whether they were independent contractors, as Travalon claimed. Proving the existence of an employment relationship is a prerequisite to the Secretary being able to assert these claims. The second case, which only arose if the Secretary first proved that an employment relationship existed between Travalon and its drivers, involved defenses that Travalon, like any other employer, could raise to the Secretary's claims that it violated the Fair Labor Standards Act by failing to pay overtime and minimum wage to certain drivers. The district court granted summary judgment for the Secretary on both of these cases, and the defendants appealed to this court, arguing that the district court erred in granting the Secretary's summary judgment motion. Defendants' earlier appeal to this court presented all the issues that were comprising both cases, all the issues that were argued on summary judgment. And in that first appeal, the issues presented to this court included whether the drivers were employees under the Fair Labor Standards Act or independent contractors, whether defendants should have known that the drivers were working overtime, whether the significant waiting time was sufficient to get a fair labor standard. The defendants argued in their first appeal that there were genuine issues of material fact as to each of these four defenses the defendants raised in response to the Secretary's claims, which the jury needed to resolve. This court recognized that this threshold employment status issue, because of the factual disputes that this court earlier recognized in the first appeal, it reversed the district court's grant of summary judgment in favor of the Secretary in its entirety and remanded for proceedings consistent with this opinion. This court did not affirm any of the district court's summary judgment rulings. It did not expressly and finally settle and determine any of the issues that were presented to this court in our earlier appeal, and by its silence on these issues did not tacitly or implicitly approve of the district court's summary judgment rulings on these issues by necessary implication. And this court did not preclude the district court from reconsidering all of the issues that were presented to the district court on summary judgment. So it is our position, Your Honors, that on remand, the district court erred in interpreting this court's mandate to mean that it was foreclosed from reconsidering any of the liability issues it decided earlier by summary judgment, other than three of the six factors under the economics realities test, namely the degree of control, opportunity, profit and loss, and integrity of the business. Counsel, supposing that the district court misinterpreted the scope of the mandate, could you address why the district court still didn't have discretion whether to not consider the other factors in the summary judgment order? Your Honor, we do believe the court did, in fact, have discretion, but it abused that discretion under the circumstances. The trial of this case actually, while the court in the pretrial conference said that it was required by this court's mandate to only consider the three factors, control, profits and loss, integrity of the business, it nevertheless permitted, under no objection by the Secretary, to address other defenses that were asserted by Travilon in response to the Secretary's claims. Namely, there was evidence taken as to whether or not my clients knew or should have known that overtime hours were being worked. The court allowed evidence regarding whether the significant waiting time that transpired between trips by the drivers should be considered engaged to wait compensable hours. And that, of course, is essential in determining, ultimately, what the back wages should be in this case. It also permitted evidence on, there were four drivers, veteran drivers that the court allowed to testify about their working relationship with Travilon. So, while the court, in its pretrial ruling, said that the trial was to be confined to only three of the six factors, it did take evidence on our other defenses. The other thing the court did was say in the pretrial conference that it was, in essence, going to reserve the issue of damages for a later time after the jury rendered its verdict. That was error, Your Honors, because whether damages existed and, if so, the amount of those damages, those are jury questions. And, for some reason, the judge changed his mind after the jury rendered its verdict and did not permit counsel to submit additional evidence on damages as the court had said it would allow. Furthermore, the court, in at least two occasions prior to the trial, indicated that counsel would be permitted to introduce further evidence on the issue of liquidated damages and, specifically, whether my client had good faith and reasonable grounds for believing that it was in compliance with the Fair Labor Standards Act. Did you ask the district court to submit to the jury both the knowledge question and the damage question? We did, Your Honor. We had proposed jury instructions and also a special verdict form that encompassed all of the defenses we raised to the FLSA claim. And the court did not allow those additional jury instructions or the special verdict questions. The jury only answered the question as to whether there was the level of control, whether there was an opportunity for profits and losses, and whether the driver's services were integral to Travolon's business. Counsel, in addition to damages, was there any other evidence that you were not able to present to the district court that you wanted to present? Really not, Your Honor. I mean, again, the way the judge conducted the trial, i.e., it did allow evidence with respect to the knowledge defense, did allow evidence as to whether the waiting time was compensable, hours worked, versus as the district court earlier determined in summary judgment that because the drivers, in essence, were doing back-to-back trips, that in calculating the average hours worked, the secretary simply took the start time at the beginning of the day and went to the last trip, and when that last trip was concluded in determining, hours worked. But the testimony by the four witnesses that we presented indicated that there was significant, at times, significant waiting time between trips where these drivers were able to pursue personal interests or run errands or what have you. Even with respect to the control issue, the secretary's wage and hour investigator acknowledged that the drivers were able to decline trips and they were able to pick the days on which they actually wanted to work. So it's our position, Your Honors, that there was the jury's verdict that travel on control of the drivers was against the clear weight of the evidence, and that would be one reason why we're now asking for a new trial in addition to what we deem legal errors committed by the trial court, namely notwithstanding taking evidence on our defenses, not allowing the jury to actually make a determination of those defenses. Your Honors, I'd like to, if you have no other questions, reserve the rest of my time for rebuttal. Very well. Thank you. May it please the Court. Laura Moskowitz, appearing for the Acting Secretary of Labor. As this Court is aware, this Court remanded this case for resolution of competing narratives as to whether Travelon and its drivers have an employment relationship or an independent contractor relationship under the Fair Labor Standards Act. The jury resolved those competing narratives in favor of employee status were the three factors that this Court identified as having disputed facts. There was substantial evidence supporting the jury's factual findings and, therefore, no basis for the District Court to grant Travelon's renewed motion for judgment as a matter of law following the jury verdict. There were also no errors concerning the trial or the District Court's decision not to revisit its damages award. The District Court properly did not unnecessarily revisit the additional three factors in the six-factor economic reality test that this Court did not address in its remand order or any of the other issues that this Court did not address in its remand order. Therefore, we respectfully request this Court affirm the District Court's decisions on remand and its judgment. But in our prior case, we didn't necessarily bless the damage findings and the other issues. We, I think, maybe blessed the three factors that had been decided but said there were fact questions in the other three. So I'm a little curious. Normally, damages, if they're disputed, as well as knowledge, I think, would be something that a jury would decide. Your Honor, we agree that the District Court properly interpreted this Court's decision and mandate to hold a trial to resolve competing facts on the three economic reality factors and that that District Court understood that the employment relationship is the threshold issue in this case. We also believe that the District Court properly did not revisit the other issues that Your Honor mentions regarding damages and knowledge because the District Court had already resolved those questions at summary judgment and had already determined that there were no genuine issues of material fact with respect to knowledge or damages. And it didn't serve the interests of judicial economy as the District Court, we believe, properly carried out this Court's mandate to hold a jury trial for the disputed issues but not reach any other issues that were not reversed on appeal in the first appeal. Okay. Is it really true that there were no genuine issues of material fact with respect to damages and knowledge? Yes, Your Honor. We believe the District Court properly disposed of those issues at summary judgment because with respect to damages, there was ample evidence in the summary judgment proceedings that the drivers were working continuously first for knowledge, I should say. That Travelon was assigning, Travelon's dispatch assigned trips continuously throughout the day, back-to-back trips, and that the drivers were working continuously and had knowledge through Travelon's dispatch that the drivers were working very long days, often as much as 12 hours a day. The District Court also noted that Travelon had previously been subject to an FLSA lawsuit by its drivers, which was settled after summary judgment to adverse decisions against Travelon in that case. Travelon was on notice that its drivers were alleging that it was working, they were working over 40 hours in a work week. At that stage, we believe the District Court properly determined there were no genuine issues of material fact as to whether Travelon knew or should have known that its drivers were working more than 40 hours in a work week. With respect to damages, because Travelon did not track the hours of the drivers, the Mount Clemens birding shifting, which I know this Court has already talked about somewhat this morning, the Mount Clemens birding shifting scheme applied where Travelon, because there were no records, the Secretary reconstructed the records and created a reasonable inference of the amount of hours that the drivers worked. Travelon failed to come forward and negate the reasonableness of that evidence. Therefore, the District Court properly determined at summary judgment that the Secretary's calculations were reasonable and the damages were one. They didn't have a contra expert or one of their own people testifying about inaccuracies in that estimate? They did not. As Travelon just discussed, there was a discussion about did the drivers work continuously throughout the day, were there times where they were waiting in between trips? There was significant evidence at trial, and I just want to mention that the District Court, in the evidence that Travelon just discussed that was presented at trial, the District Court was very careful to say that the trial was really on the three economic reality factors highlighted by this Court. Other evidence came in through testimony with respect to those three factors. There was not a specific effort to have the jury consider these things, but with respect to the backpack calculations and the drivers' continuous work, the District Court determined the drivers were engaged to wait, and this is, again, at summary judgment. Because in between trips, there was significant testimony that they would be waiting to receive the next trip. They were waiting in their vans. And also, importantly, in the Secretary's backpack calculations, the wage hour investigator who did the reconstruction of the hours allowed a 30-minute unpaid period that accounted for break time, even if the records didn't necessarily show that the drivers were taking breaks because they were often eating on the run, taking back-to-back trips, waiting very short amounts of time in between the trips. I would also note that the Labor Department's regulations regarding break time between 5 and 20 minutes is considered to be compensable time. So, again, these were all issues that were resolved at summary judgment, and the District Court properly interpreted the Court's mandate to resolve just the three issues that are the threshold question as to the employment relationship. I guess that's what I'm wondering about. It just seems a little odd to me, in the absence of this Court going on and saying, and there's no genuine material question of fact on the damages and knowledge questions, to not having found a factual dispute, you know, the three factors that the Court found. It seemed to me that the normal procedure would be, okay, there's a factual dispute. We now have a trial. Jury determines the factual dispute. And in this case, I can sort of understand, given that, you know, employer versus contractor is typically a question of law for the Court. I can almost understand the submitting the three, getting those, and then having the Court make a finding of law. But I would sort of foresee a bifurcated trial where we then go on to the damages question. Tell me what's wrong with that. You know, if this was the run-of-the-mill employment case and we said, you know, there was a fact question about discrimination or whatever it happened to be, it just seems unusual that then the Court would say, well, now the damages are X. Normally, that just gets submitted to the jury. Your Honor, in this case, the District Court had already resolved those issues at summary judgment, and we contend that those were properly resolved at summary judgment, that there were no genuine issues of material fact. And when the Court followed this Court's mandate to resolve disputed facts on the three factors for which this Court had identified disputes. Okay. Let's go back to my discrimination case, my hypothetical discrimination case. The Court rules as a matter of law in summary judgment that the plaintiff was discriminated against and damages are $100,000. And we say, no, there's a material question of fact on discrimination. It seemed to me the normal procedure would be to go back and have a trial on the fact dispute and not then award $100,000 but submit it to the jury. Wouldn't that be the normal process? Respectfully, Your Honor, I think the normal process would be for the District Court to view in the interest of judicial economy because it had already thoroughly addressed these issues regarding the damages at summary judgment, that there was no need to revisit those issues and that having completed. Well, let me ask you, did they concede that? Did they say, look, if there's liability here, if they are employees, then your damage calculations are correct and we have no other evidence to submit? Or did they say, no, there's things we want to submit to the jury? Trial law did say it wanted to submit additional questions to the jury on all of the issues that were disposed of at summary judgment. The District Court declined to do so, and we believe it was not an abuse of discretion for the District Court to decline to do so as it was carrying out this Court's mandate to have a jury ultimately resolve those disputed facts that were identified on the three economic reality factors. In essence, for the District Court, this was the law of the case. The District Court had already resolved these questions at summary judgment, and those were not reversed on appeal, and the District Court said it had revisited the record and decided to not send any of those additional factors to the jury. Okay. And we don't believe that that was an error. Yeah, I would think it would be law of the case, especially if we blessed it, if we said that's true. It's a little less clear to me when it wasn't mentioned, but... Understood, Your Honor. We're not saying that this Court disposed of it simply due to silence in the remand decision about these issues, but we don't think it was an abuse of discretion for the District Court to not send those issues to the jury because the District Court had already resolved those issues at summary judgment. They had not been reversed on appeal. They had not been flagged by this Court for it to address or send to the jury. I would also mention that Travalon, in its opening brief and its briefing in this case, has continued to argue that the District Court should have addressed all of these issues at the trial, but it has not argued that the summary judgment was granted improperly, squarely. So we are now discussing issues that were really discussed in the first appeal in this case, and I would respectfully refer the Court also to our brief in that case. We would have responded more directly to these questions had Travalon raised them more appropriately as at the end of a case to say they were challenging all of the issues that were ruled upon at summary judgment. We understand that their argument was everything should have been sent to the jury. Yeah, I think you raise a good point that they didn't appeal the earlier summary judgment in this case. Yes, Your Honor, and we cited the Gilpatrick v. Frakes case for the proposition that if there's no meaningful argument in an opening brief, then those issues are waived. And that case, in turn, cites a case authored by Your Honor, the Sipe v. Workforce case, where someone who had just noticed that they were appealing the district court's judgment but failed to make meaningful argument about all of the issues that had occurred below, that those arguments were waived. So, again, Travalon could have squarely argued that summary judgment was not appropriately granted. They chose to argue that all of these questions should have been sent to the district court and that the district court, I'm sorry, apologies, to the jury,  We believe the district court properly interpreted this court's mandate, authored by Judge Ross, and very clearly confined the trial to those three factors on which there were disputed facts, as identified by the court. I'd like to just briefly address the disputed facts that this court had identified and the evidence that the jury heard. We certainly believe that there was sufficient evidence, more than substantial evidence, at trial to support the jury's verdict, and there's no basis for disturbing that verdict, which is in the province of the jury. This court had identified competing evidence at the summary judgment stage as to whether drivers could decline under the control factor, whether they could decline trips without penalization, and whether the Travalon controlled their hours. There was significant testimony from drivers that they either were penalized or thought they would be penalized if they declined trips, and that Travalon's dispatch set their hours by sending trips to their tablets early at night for the early morning trips and then continuously throughout the day. Drivers were often scheduled to do trips beyond their preferred working hours. Regarding the control factor as well, as this court noted in its earlier decision, there was significant evidence that Travalon, through its app, was continually monitoring the drivers and controlling the way that they performed their work. The drivers had no opportunity for profit or loss, as the jury found. Travalon was assigning all the trips. Drivers could not decide which trips to take, which were more profitable, and which would allow it to maximize its income. And then finally, with respect to integral, the jury reasonably determined that Travalon is a provider of special transportation services and that the drivers were performing services that allowed Travalon to operate in this area. Victor Stranatinsky testified that this was a business that he had spent years cultivating. He had engaged with insurers to obtain those contracts, to provide rides for special transportation customers, and then the drivers provided those rides.  They were providing the services as required by Travalon. Additionally, there were no legal errors concerning the trial. Again, we strongly believe that the district court properly interpreted this court's mandate and did not need to send any additional factors to the jury. We also believe that the evidence that was adduced at trial that Travalon has referred to and that we've been just discussing would not show that there were disputed facts that needed to be sent to the jury. Again, Travalon had knowledge of the drivers' continuous trips throughout the day, the long hours that they were working, because Travalon's dispatch was assigning those hours. And Travalon was on notice that its drivers had alleged that they were working more than 40 hours in a week. Additionally, the district court did not err in not revisiting the liquidated damages award. Travalon has said that the district court agreed to provide an evidentiary hearing. The district court said in comments that it might provide that, but then reviewed the record carefully after the trial and said that nothing had occurred before or after the trial to change its award, and it did not revisit that. Thank you very much. Thank you, Ms. Moskowitz. Your Honors, it's not part of the record here, but there was actually some discussion regarding having a bifurcated trial, and that was actually something that the district court had raised. But I think we all concluded that because of the jury would be capable, in essence one jury would be capable of hearing evidence and making their determinations with respect to not only the employment relationship issue, but also as to the defenses that Travalon raised, if indeed they were determined to be an employer of the drivers. With respect to the law of the case, Your Honors, it's our position that indeed had there been some definitive ruling by this court as to the various defenses that Travalon had raised, that that would be the law of the case. As far as the district court is concerned, that is completely discretionary whether this district court wants to continue with the rulings that it made earlier. Let me ask you that the district court seems to be enforcing on remand its prior summary judgment decision regarding damages. So you didn't appeal the prior summary judgment at this point that he's relying upon. So can we even get into that? Your Honors, we certainly raised it in the initial appeal. And that's our point, Your Honor, that we're, if this court But I think the district court sort of either explicitly or implicitly adopted its prior summary judgment with respect to damages. And at least as I looked at the briefs, I don't see any appeal of that decision or that prior summary judgment, pointing out that summary judgment was an error because there are material questions of fact on damages. Your Honor, we certainly did that in the first appeal to this court, that we, with respect to damages, But shouldn't that be in front of us now? Your Honors, again, it was presented and fully briefed in the initial appeal. And it's our position, particularly, again, because the district court actually allowed evidence at the trial with touching on all these defenses, that it was an abuse of discretion not to have the jury resolve these issues that they actually heard evidence about. With respect to our appeal of the denial of the motion for a new trial, Your Honor, it certainly, in the district court, had the authority to independently weigh the evidence and indeed depart from a jury's ruling, even if there was substantial evidence to support the jury verdict. It's our position that had the court properly weighed the evidence that for the reasons set forth in our brief, that the court should have deemed that the control issue should have been decided in favor of Travilon, as well as the profit and loss. And then, with respect to liquidated damages, Your Honor, again, we were, in a motion in limine, the court ruled that we would be permitted to present evidence, among other things, about previous unemployment decisions, where, of course, in order to get unemployment, drivers would have to first prove that they were employees. And the unemployment judge, on two occasions, determined that the drivers in those unemployment appeals were independent contractors and gave a very thorough analysis of that question. Also, Your Honor, I think that with respect to the prior litigation that my clients were involved in, the so-called FARA litigation, that that is actually evidence that should have been permitted and considered in determining whether Travilon was acting in good faith and had reasonable grounds for believing that it was in compliance with the FLSA. That, of course, was the very issue before the district court in the so-called FARA litigation. That case was settled. There was no adjudication. So my time is up, Your Honors, if there's nothing else. Thank you, Mr. Menenko. Thank you.